**SCS/COMPUTE, INC., Appellee,**

v.

**Ken MEREDITH, CPA, Appellant.**

**No. 79779.**

Court of Appeals of Oklahoma, Division No. 1.

July 6, 1993.

Certiorari Denied Oct. 26, 1993.

James H. Beauchamp, Tulsa, for appellant.

B. Jack Smith, Tulsa, for appellee.

## MEMORANDUM OPINION

HANSEN, Chief Judge:

In this action on a contract between the parties, Appellant (Meredith) seeks review of the trial court's judgment in favor of Appellee (SCS), and the trial court's order taxing attorney fees against Meredith.

The parties entered into an agreement in November 1989, under which SCS, a computerized tax processing service, agreed to process tax returns for Meredith's clients for the tax year 1989. The term of the agreement was for the calendar year 1990. The agreement contained certain attached specific preprinted addenda and a general addendum containing eight separate handwritten conditions.

Meredith had used SCS's services since 1981, but the agreement in question provided for a new procedure under which Meredith would transmit tax data from his personal computer via telephone modem to SCS's computer in Atlanta. Meredith claimed he used the system successfully until April 1990, when he began to experience problems with the SCS computer. He also claimed these problems resulted in completion of fewer tax returns through the system, which in turn affected the per return cost to him.

Meredith contends he worked out an agreement with SCS on the per return cost, and entered into a new service agreement with SCS in August 1990, for the tax years 1990 through 1992. However, in November 1990, SCS billed Meredith for an unpaid balance based on a higher charge than Meredith thought had been agreed to. Meredith refused to pay the amount demanded, SCS discontinued its service to Meredith and Meredith installed his own in-house computerized tax processing system.

SCS initiated this action by its *Petition for Indebtedness*. Meredith answered and counterclaimed, alleging breach of contract, negligence and breach of warranty. Meredith sought $18,900.00 as damages for the cost of installing the alternative tax processing system for tax year 1990.

Meredith moved for summary judgment, both as to his defenses and his counterclaim. He asserted he had paid all sums due under the terms of the service agreement and that SCS was barred from pursuing an action in Oklahoma courts because it was an "unqualified" foreign corporation. Meredith cited 18 O.S.Supp. 1986 § 1137 in support of its latter contention. This section provides, in relevant part:

A. A foreign corporation ... which has done business in this state without authority shall not maintain any action ... in this state unless and until such corporation has been authorized to do business in this state ...[1]

In its response to Meredith's motion for summary judgment, SCS did not controvert that it was an undomesticated foreign corporation, but argued it was exempt from the application of § 1137 by 18 O.S.Supp. 1986 § 1132(A)(4).[2]

The trial court denied Meredith's motion for summary judgment. The action was tried to the court, which granted judgment in favor of SCS on both its claim of indebtedness and on Meredith's counterclaims. The trial court awarded SCS $4,385.16 on the judgment, and a subsequent attorney fee award of $7,218.00. Meredith appeals from the judgment and attorney fee award.

■ Meredith first alleges on appeal that the trial court erred in not finding SCS was barred under 18 O.S.Supp.1986 § 1137 from pursuing its indebtedness claim in Oklahoma courts. As we noted above, Meredith raised this issue, among others, in his motion for summary judgment. The trial court denied Meredith's motion without specific findings.

During the course of trial, Meredith attempted to cross-examine SCS's sole witness, its credit manager, regarding the company's provision of service to its Oklahoma clients. The trial court, sua sponte, asked the purpose of this line of inquiry. When Meredith responded it was to estab-

---

1. The requirements and qualification procedures for foreign corporations are set forth in 18 O.S.Supp.1987 §§ 1130 & 1131. These and the other statutory provisions relevant to corporate qualifications are found with the Oklahoma General Corporation Act, 18 O.S.Supp.1986 §§ 1001 et seq.

2. This section provides:

A. No foreign corporation shall be required to comply with the provisions of Sections [1130 and 1131] of this act, if:
(4) its business operations within this state are wholly interstate in character; ...

lish "SCS was not authorized to do business" in Oklahoma, as raised in the motion for summary judgment, the trial court refused to let Meredith proceed, stating:

... the time to remedy, if you think I made a mistake, was to go on a writ to stop us from starting the trial, ...

..., the evidence at this point would seem to indicate this thing was an (sic) interstate commerce.

Meredith was allowed to make an offer of proof to the effect that SCS does business in Oklahoma, that it conducts seminars here on a regular basis which are attended by "numerous CPA's and accountants". Urging this issue and others, Meredith demurred to the evidence at the end of SCS's evidence, and moved for a directed verdict at the end of all evidence. Both were denied.

■ We find the trial court erred in not allowing Meredith to cross-examine SCS's witness on the method of its operation in servicing its Oklahoma clients. Our Supreme Court has determined that whatever the formal policy of a company claiming to engage only in interstate commerce, the company's actions determine the true nature of its business. *C.H. Stuart, Inc. v. Bennett*, 617 P.2d 879 (Okla.1980). The applicability of either 18 O.S.Supp.1986 §§ 1132(A)(4) or 1137 is therefore a question of fact.

The evidentiary material provided by the parties in support and opposition to Meredith's motion for summary judgment is insufficient for the trial court to have made its determination on the facts. Meredith's affidavit contains only the conclusional statement that "SCS is a foreign corporation which has transacted business with the undersigned and other CPA's in Oklahoma". In its response, SCS provides no evidentiary material, merely asserting in its pleading that it operated in interstate commerce.

Despite the trial court's view of the order denying Meredith's motion for summary judgment, and SCS's contention in its answer brief that Meredith is precluded from raising the issue now because it did not perfect an appeal from the denial, the order denying the motion for summary judgment is merely an *interlocutory* order from which an appeal may not be taken without certification by the trial court. See, *DLB Energy Corp. v. Oklahoma Corporation Commission*, 805 P.2d 657 (Okla.1991); 12 O.S.1991 §§ 952, 993.

■ Interlocutory orders made in the course of a proceeding are not binding on the trial court and always remain subject to modification by the court until judgment is pronounced in the case. *Depuy v. Hoeme*, 775 P.2d 1339 (Okla.1989). In refusing to allow Meredith, at trial, to further develop the evidence relating to whether SCS was barred from bringing suit as an undomesticated foreign corporation, the trial court effectively gave *res judicata* effect to its pretrial order. *Dupuy v. Hoeme*, at 1344 (footnote 27). We find this was error and materially affected Meredith's ability to establish a possible defense.

■ We, however, find no merit in the remainder of Meredith's allegations of trial court error. In his propositions 2 through 4, Meredith contends SCS should not have been allowed to recover on its claim because SCS failed to provide the promised service, thereby frustrating the purpose of the agreement; because the agreement was governed by a price list which was never given to Meredith and because the parties entered into a new agreement which, by novation, rescinded and superseded the earlier agreement.

In propounding these contentions, Meredith relies on an inapplicable appellate standard of review. While recognizing the matter was tried to the court, with waiver of jury, Meredith asserts this Court should look to whether the trial court abused its discretion or whether the "decree" is against the weight of the evidence. He cites *Grattan v. Tillman*, 323 P.2d 982 (Okla.1958), which concerned issues arising from a divorce action.

■ The standard suggested by Meredith is appropriate in an action in equity, but in an action at law, even if the jury is waived, we will not disturb the judgment of

**1296**

the trial court when there is any competent evidence, including any reasonable inferences therefrom, tending to support the trial court's findings. *State of Oklahoma ex rel. Department of Highways v. Sharpensteen*, 538 P.2d 1044 (Okla.1975).

Our review of the record reveals competent evidence, although controverted, to support the trial court's finding for SCS on each of the questions raised in Meredith's propositions 2 through 4. We will not disturb those findings.

Meredith's fifth allegation of error, in essence, asserts that the trial court should have allowed his full demand for damages on his counterclaim. It is implicit in the trial court's judgment that it found no breach of contract on the part of SCS. Once again, we find competent evidence of record to support that finding.

The agreement for tax year 1990 provides for termination of services by SCS if payment is not received. There is evidence Meredith did not pay his account upon demand. Any question relating to Meredith's damages is obviated by the finding there was no breach of contract by SCS.

As his final contention, Meredith argues the attorney fee award was unreasonable *per se* because it was almost double the amount of the judgment in favor of SCS. Where the question on appeal is reasonableness of attorney fees, the standard of review is abuse of discretion. *State ex rel. Burk v. City of Oklahoma City*, 598 P.2d 659 (Okla.1979).

The attorney fee award was made after hearing and was documented by an itemized time sheet. Meredith objects neither to the amount of time counsel expended on the case, nor to the per hour "reasonable worth" set forth in counsel's affidavit. Meredith instead argues "there should be some correlation between the amount involved in the dispute and the attorney's fees awarded".

Meredith's argument appears to ignore his counterclaim demand for $20,000.00 and the necessity for SCS to defend against that claim. Also, while the trial court may properly consider the amount involved in the litigation in awarding attorney fees, that cannot be the sole component to be weighed. *Wheeler v. Scott*, 777 P.2d 394 (Okla.1989). We find no abuse of discretion in the award.

With the exception of the trial court's ruling regarding Meredith's contention that SCS lacked the capacity to bring this action under the constraints of 18 O.S.Supp.1986 § 1137, we find no reversible error. Meredith was allowed to fully present his evidence and to cross-examine on the merits of the contractual controversy. The record in that respect sufficiently supports the trial court's judgment.

However, we do find the trial court's refusal to allow Meredith to present evidence at trial in support of his contention regarding lack of capacity denied Meredith a possible defense and that is material error.

Our Supreme Court has determined that when error exists as to one issue, and the judgment in other respects is free from error, and the error can be seen not to have affected those other issues, we may limit a new trial to only that issue affected by the error. *Hartford Accident & Indemnity Company v. Luper*, 421 P.2d 811 (Okla. 1966).

Accordingly, the judgment of the trial court is REVERSED and this matter is REMANDED to the trial court for the limited purpose of an evidentiary hearing on the issue of SCS's capacity to bring an action in this state, and for entry of a new judgment consistent with this opinion and the trial court's findings from that hearing.

REVERSED and REMANDED with instructions.

JONES, P.J., and ADAMS, J., concur.