2013 OK CIV APP 6

The CITY OF OKLAHOMA CITY, Own Risk (# 7800), Petitioner,

v.

Michael Ray JOHNSON and the Workers' Compensation Court, Respondents.

No. 110,506.

Court of Civil Appeals of Oklahoma, Division No. 1.

Nov. 30, 2012.

John S. Oldfield, Jr., Matthew J. Graves, Oldfield & Graves, Oklahoma City, Oklahoma, for Petitioner.

D. Eliot Yaffe, Foshee & Yaffe Law Firm, Oklahoma City, Oklahoma, for Respondent.

LARRY JOPLIN, Vice–Chief Judge.

¶ 1 Petitioner City of Oklahoma City, Own Risk (# 7800) (Employer), seeks review of an order of a three-judge panel of the Workers' Compensation Court vacating in part and sustaining in part an order of the trial court adjudicating the extent of permanent partial disability suffered by Respondent Michael Ray Johnson (Claimant). In this review proceeding, Petitioner challenges the lower court's judgment as contrary to the clear weight of the evidence.

¶ 2 Claimant worked for Employer as a motorcycle police officer. As a result of severe injuries he sustained in a 2004 job-related motorcycle-automobile collision, the Workers' Compensation Court adjudicated Claimant forty-one percent (41%) PPD to the body as a whole.

¶ 3 October 2, 2010, Claimant suffered extensive injuries in another collision with a car, and he underwent substantial medical treatment for his injuries. In 2011, Claimant returned to his duties as a motorcycle police officer.

¶ 4 At trial on the issue of PPD, Claimant offered the medical report of an examining physician, Dr. Wilson. Dr. Wilson opined that Claimant suffered a combined 143% PPD to various parts of the body as a result of the latest accident alone. In opposition to the claim, Employer offered the report of its examining physician, Dr. Jones, and Dr. Jones opined that Claimant suffered 41% PPD to the body as a whole resulting from the 2010 accident alone.

¶ 5 The trial court determined that, as a result of the 2010 accident alone, Claimant suffered 76% PPD to the body as a whole. Employer appealed, and a three-judge panel vacated that part of the award for five percent (5%) PPD to the head, but in all other particulars, sustained the order of the trial court.

¶ 6 Respondent now seeks review in this case, arguing the Claimant's exceptional recovery militates against an award of additional PPD, particularly considering Claimant's admitted return to his previous motorcycle patrol duties. Respondent argues the decision of the lower court is so clearly contrary to the weight of the evidence as to require its vacation by this Court.

¶ 7 The law in effect at the time of the injury controls determination of a claim. *Williams Companies, Inc. v. Dunkelgod,* 2012 OK 96, ¶ 10, 295 P.3d 1107, 1110–111, 2012 WL 5870672; *Nomac Drilling L.L.C. v. Mowdy,* 2012 OK 45, ¶ 8, 277 P.3d 1282, 1284. Consequently, "[t]he standard of review applicable to a workers' compensation appeal is that which is in effect when the claim accrues," "determined as of the date of the injury and is a substantive right which remains unaffected by later-enacted legislation, despite" legislative pronouncement to the contrary. *Dunkelgod,* 2012 OK 96, ¶ 18, 295 P.3d at 1113. So, notwithstanding the Oklahoma Legislature's attempt to change the standard by amendment to 85 O.S. Supp.2011 § 340(D), eff. August 26, 2011, we are compelled to apply the "any competent evidence" test as mandated by the law in effect at the time of the injury. *Id.*

¶ 8 In the present case, Claimant's examining physician opined that he suffered more than 180% PPD total from both the 2004 and 2010 accidents, and about 143% PPD from the latest accident alone. Employer's examining physician determined that Claimant sustained about 41% PPD attributable to the latest accident. Employer nevertheless argues that, given his remarkable recovery and return to his pre-accident duties without impairment, Claimant should not qualify for an award as great.

¶ 9 While it would seem unlikely, if not impossible, that the combined value of all Claimant adjudicated injuries would result in an award exceeding the statutory maximum of 500 weeks, they do not when credit is allowed for surgical injuries. 85 O.S. § 22. *Now see,* 85 O.S.2011 § 333. The award for 355 weeks of benefits lies within the range of disability established by the medical evidence. Furthermore, the fact that Claimant has returned to work performing the same duties as before his latest accident does not forebear an award for PPD remaining after the latest injury. *TRW/Reda Pump v. Brewington,* 829 P.2d 15, 28, fn. 15 (Okla.1992) [1]; *Elk City Cotton Oil Co. v. State Indus. Com'n,* 1939 OK 105, ¶ 0(2), 88 P.2d 615.[2]

¶ 10 The medical evidence in the present case uniformly recognized Claimant suffered some permanent partial disability attributable to the last accident in 2010 alone. The trial court awarded Claimant benefits for 76% PPD to the body as a whole, and the three judge panel vacated only that part of the trial court's award for 5% PPD to the head, but affirmed in all other particulars. The question in this case thus becomes, to what extent is Claimant permanently and partially disabled as a result of the injuries he sustained in the 2010 accident. To answer that question, we must canvass the record to determine whether the challenged judgment of the Workers' Compensation Court awarding benefits for 71% PPD to the body as a whole from the last accident alone is supported by or contrary to the competent evidence adduced at trial and appearing in the record before us.

¶ 11 There is little doubt Claimant suffered some residual permanent partial disability from the injuries he suffered in the 2010 accident. All the physicians agree on that question, and differ only concerning the de-

1. "[I]t has long not been necessary for a claimant to establish a loss of wage earning capacity to prove a case for permanent partial disability ... Very simply, the [Workers' Compensation Act] remove[s] any necessity to prove a loss of earning power in order to recover compensation for permanent partial impairment...."

2. "Where the injury sustained by an employee is to a specific member, the loss or loss of use of such member, under the statute, gives the employee a right to compensation irrespective of the effect such injury may have upon the ability of the employee to labor or perform work. In such case an additional award upon change in condition of the injured member may be made by the Industrial Commission without necessity of the employee showing a decreased ability to labor, since such requirement is confined to awards which have been made under the 'other cases' provision of the Statute."

gree. The award for 71% PPD to the body as a whole by the three-judge panel is within the range established by the rating of Employer's doctor (41% PPD) and Claimant's own physician (143% PPD). The fact that Claimant has returned to work performing the same duties as before his latest accident does not forebear an award for PPD remaining after the latest injury.

¶ 12 We have reviewed the record and evidence, and find the order of the three judge panel supported by competent evidence. The order of the three-judge panel is SUSTAINED.

BUETTNER, P.J., and GOREE, J., concur.