2013 OK 8

**CONTROLS COMPONENTS, LTD. and Murphy Industries, LLC, Petitioners,**

v.

**Shelia M. WEAVER and The Workers' Compensation Court, Respondents.**

**No. 109,522.**

Supreme Court of Oklahoma.

Feb. 5, 2013.

Chad R. Whitten, Cynthia J. Braly, Jenks, Oklahoma, for Petitioner,

Gus Farrar, Tulsa, Oklahoma, for Respondents.

*OPINION*

WATT, J.:

¶ 1 Respondent Shelia M. Weaver (Claimant) seeks certiorari review of the decision of the Court of Civil Appeals' (COCA) opinion which vacated her award of permanent total disability (PTD). We granted certiorari to consider whether COCA erred when it used the "clear weight of the evidence" standard of review in Claimant's appeal. We answer in the affirmative and reverse, based on our recent holding in *Williams Companies, Inc. v. Kristy Dunkelgod and The Workers' Compensation Court*, 2012 OK 96, 295 P.3d 1107.[1]

¶ 2 Claimant sustained an injury which arose out of and in the course of her employment with Petitioners, Controls Components, Ltd. and Murphy Industries, LLC, (collectively, Employer) on May 13, 2005.[2] Despite

1. Rehearing denied January 23, 2013.

2. Claimant was employed as a "punch press operator." Her injury occurred while she was carrying a box of segments, she tripped on the leg of a cart and struck her left arm on a lift. As a result of the accident, Claimant's physician placed a permanent lifting restriction on her of five pounds when she uses her left arm. Dr. Bartlow, a vocational rehabilitation counselor and licensed professional counselor, took a medi-

disputed evidence presented by Employer, the trial court found Claimant was permanently totally disabled due to her injury of reflex sympathetic dystrophy to her left arm and psychological overlay. The three judge panel affirmed. However, on appeal, COCA held "[t]he finding that Weaver is PTD is against the clear weight of the evidence. We vacate and remand for determination of PPD." COCA relied on 85 O.S.2011 § 340(D) which provides:

> D. The order, decision or award of the Court shall be final and conclusive upon all questions within its jurisdiction between the parties, unless, within twenty (20) days after a copy of such order, decision or award has been sent by the Administrator to the parties affected, an action is commenced in the Supreme Court, to review such order, decision or award ... After the effective date of this act, **regardless of the date of injury,** the Supreme Court may modify, reverse, remand for rehearing, or set aside the order or award upon any of the following grounds:

. . .

> 4. The order or award was against the clear weight of the evidence. [emphasis added].

¶3 We held in *Dunkelgod* that the date of the injury determines the standard of review to be used on appeal. See *Dunkelgod,* supra, 2012 OK 96, ¶18:

> The standard of review applicable to a workers' compensation appeal is that which is in effect when the claim accrues. It is determined as of the date of injury and is a substantive right which remains unaffected by later-enacted legislation, despite statutory language to the contrary. See *Dunlap,*[3] *Nomac,*[4] supra; Okla. Const., Art. 5, §§ 52, 54.

¶4 Because Claimant's injury occurred on May 13, 2005, prior to the effective date of the act, August 26, 2011, COCA erred in using the "clear weight of the evidence" standard to reverse the PTD award. COCA should have reviewed the award under the

cal history and reviewed her medical records. He opined she is classified in the category of "less than sedentary work classification" which has a ten pound minimum lifting restriction, as "established through the Department of Labor, the Dictionary of Occupational Titles, Department of Veteran Affairs, census bureau even has those statistics and well recognized by the state vocational rehabilitation agencies and professional organizations and the Social Security Administration." He gave her 14 different tests to measure her aptitude and dexterity and psychological tests, as well. The psychological testing indicated severe depression with thoughts of suicide. He stated his opinion is "that Shelia Marie Weaver is 100% economically disabled. She is not a candidate for vocational rehabilitation. She has sustained a total loss of earning capacity in her present and current physical and mental state."

Another doctor who testified on her behalf, Dr. Trinidad, assessed her disability as 45% PPD to her left arm and 15% PPD from psychological overlay of depression because of her injury. However, he opined that because she is unable to be placed in the active work force, she is considered 100% PTD on an economic basis based on the combination of her injuries, "as she is unable to earn any wages in any employment for which she is, or could become, physically suited or reasonably fitted by education, training, or experience." This was based on her injuries to her elbow and forearm, i.e., "continued tenderness in the elbow and over the radial tunnel, crepitance in the elbow and weakness in forearm strength, sensory loss in the arm and hand." See October 22, 2008, deposition testimony of Dr. Trinidad, page 7. Based on a neurological test using a pinwheel device, he found diminished sensory perception in her left arm of at least "in the medium category." Deposition, page 10. He believes she is economically 100% PTD based primarily on her arm injury, although the psychological findings factored into it "to some degree...." Her prior work history included machine operator, horse trainer and receptionist. Deposition, page 18. He does not think she could return to the work force as a receptionist with her current physical limitations because the chronic pain in her arm "affects her ability to concentrate and certainly her ability to use her arm for any type of repetitive task." Deposition, page 19.

Vocational rehabilitation training took place, but her training in office work did not lead to a job. Rhonda Blackstock, a vocational rehabilitation counselor, testified that Claimant types only 25 words per minute because of her hand problems, and her office job skills were outdated in comparison to others more qualified who were seeking the same type of job. She also had no current references. Ms. Blackstock said that "given her barriers it's going to be very difficult to get her placed in a job."

3. *Dunlap v. The Multiple Injury Trust Fund,* 2011 OK 14, 249 P.3d 951

4. *Nomac Drilling LLC v. Mowdy,* 2012 OK 45, 277 P.3d 1282.

"any competent evidence" standard which was in effect at the time of Claimant's injury.[5] Because we find competent evidence supports the PTD award, we reverse and remand to the Workers' Compensation Court for further proceedings.

¶5 **COURT OF CIVIL APPEALS' OPINION IS VACATED; WORKERS' COMPENSATION COURT'S ORDER IS SUSTAINED AND REMANDED FOR FURTHER PROCEEDINGS**

COLBERT, C.J., REIF, V.C.J., KAUGER, WATT, WINCHESTER, EDMONDSON, COMBS, JJ., concur.

TAYLOR, GURICH, JJ., concur by reason of stare decisis.

---

5. At the time of Claimant's injury, *Parks v. Norman Municipal Hosp.*, 1984 OK 53, 684 P.2d 548, was the landmark case addressing the standard of review in workers' compensation appeals. Appellate court review was limited to questions of law, and final orders were subject to the traditional "any-competent-evidence test of correctness." *Parks*, supra, 684 P.2d at 551–552. We explained:

By force of § 26, *all* findings of fact made in the trial tribunal's decision under review are conclusive and binding unless they have been ascertained to lack support in competent evidence. It is only in the absence of such support that a trial tribunal's decision may be viewed as erroneous *as a matter of law* and hence subject to appellate vacation. [emphasis in original] [footnotes omitted].
*Id.*