2011 OK 102

OKLAHOMA STATE CHIROPRACTIC INDEPENDENT PHYSICIANS ASSOCIATION, an Oklahoma Corporation, and J. Dan Post, Doctor of Chiropractic, and Brad M. Hayes, Doctor of Chiropractic, on behalf of themselves and all of those similarly situated, Petitioners,

v.

The Honorable Mary FALLIN, in her Official Capacity only as Governor of the State of Oklahoma, The Honorable E. Scott Pruitt, in his Official Capacity only as Attorney General of the State of Oklahoma; and The Honorable Michael J. Harkey, The Honorable Eric W. Quandt, The Honorable Gene Prigmore, The Honorable Cherri Farrar, The Honorable John M. McCormick, The Honorable Kent Eldridge, The Honorable Bob Lake Grove, The Honorable William R. Foster, Jr., The Honorable David Reid, and The Honorable Owen T. Evans, each in his or her Official Capacity only as Presiding Judge, Vice Presiding Judge and Judges of the Workers' Compensation Court of the State of Oklahoma, Respondents.

No. 109,807.

Supreme Court of Oklahoma.

Dec. 20, 2011.

Rehearing Denied Dec. 3, 2012.

John C. McMurry, Oklahoma City, Oklahoma, for Petitioners.

Martha R. Kulmacz, Assistant Attorney General, Oklahoma City, Oklahoma, for Respondents.

**COMBINED APPLICATION TO ASSUME ORIGINAL JURISDICTION AND PETITION FOR DECLARATORY RELIEF, OR ALTERNATIVELY, PROHIBITION.**

COMBS, J.

¶1 Two chiropractors, Daniel Post, D.C., and Brad M. Hayes, D.C., and the Oklahoma State Chiropractic Independent Physicians Association (Chiropractors) filed an application requesting that this Court assume original jurisdiction and declare portions of 85 O.S. §§ 329 and 333 to be unconstitutional. The legislature enacted a new Workers' Compensation Code, effective August 26, 2011. 85 O.S. § 329 provides that an independent medical examiner may only be a licensed medical doctor or a licensed doctor of osteopathy. 85 O.S. § 329(J) provides that if the court does not follow the opinion of the independent medical examiner on any issue, the Court shall set out its reasons for deviating from the opinion of the independent medical examiner. The opinion of the independent medical examiner shall be followed unless there is clear and convincing evidence to the contrary.

¶2 85 O.S. § 333(A) provides that any claim by an employee for compensation for permanent partial impairment must be supported by competent medical testimony of

the treating physician who is a medical doctor or a doctor of osteopathy, or a qualified independent medical examiner (which, according to 85 O.S. § 329, must be either an M.D. or D.O.).

■ ¶ 3 The Chiropractors claim that they have standing to raise this issue because they are aggrieved parties and because they are excluded from the workers' compensation system. The Chiropractors state they have been permitted to be independent medical examiners in the past, and their reports have been used to support claims for permanent partial disability.[1] Under the enacted 2011 Workers' Compensation Code, chiropractors can be treating physicians but not Qualified Independent Medical Examiners. The Chiropractors also argue that this Court should assume original jurisdiction, rather than the district court, because this case presents a question of public importance and there is urgency, due to the fact that the provisions became effective on August 26, 2011. Additionally, the Chiropractors correctly point out that declaratory relief may be sought in an original action in this Court, citing *Edmondson v. Pearce*, 2004 OK 23, 91 P.3d 605.

¶ 4 The Chiropractors also claim that these provisions violate the separation-of-powers clause in the Oklahoma Constitution (Art. IV, § 1)[2]. Chiropractors assert these provisions, which exclude Chiropractors from being independent medical examiners, and which require that claims be supported by reports from M.D.s or D.O.s, encroach upon the discretion of the Workers' Compensation Court to determine a claim. The Chiropractors further contend that 85 O.S. § 329(J), which requires the opinion of an independent medical examiner be followed unless there is clear and convincing evidence to the contrary, also infringes upon the Workers' Compensation Court's discretion in determining whether a claim exists.

¶ 5 The Chiropractors additionally assert that 85 O.S. §§ 329 and 333 are special laws in violation of Art. V, §§ 46[3] and 59[4] of the Oklahoma Constitution. The Chiropractors claim that these statutes, which require medical proof to be supplied by an M.D. or D.O., treats M.D.s and D.O.s differently from Chiropractors. Under 85 O.S. §§ 329 and 333, M.D.s and D.O.s enjoy this special treatment not granted to non-M.D. and D.O. physicians such as chiropractors. The Chiropractors argue that there is no valid reason to distinguish between M.D.s and D.O.s, and other physicians. They assert there is no rational basis to differentiate in the workers' compensation context because the Chiropractors' primary area of expertise is the musculoskeletal system, such as the back, neck, or extremities. In 2010, 20.7% of the workers' compensation claims concerned the claimant's back. The Chiropractors ask that this Court assume original jurisdiction, and hold certain portions of 85 O.S. §§ 308, 326, 329,

1. 85 O.S. Supp.2011 § 326(D) provides:

 The term "physician" as used in this section shall mean any person licensed in this state as a medical doctor, chiropractor, podiatrist, dentist, osteopathic physician or optometrist. The Court may accept testimony from a psychologist if the testimony is requested by the Court.

2. Art. IV, § 1. Departments of government-Separation and distinction.

 The powers of the government of the State of Oklahoma shall be divided into three separate departments: The Legislative, Executive, and Judicial; and except as provided in this Constitution, the Legislative, Executive, and Judicial departments of government shall be separate and distinct, and neither shall exercise the powers properly belonging to either of the others.

3. Article V, § 46 of the Oklahoma Constitution provides in pertinent part:

 Local and special laws on certain subjects prohibited.
 1. The Legislature shall not, except as otherwise provided in this Constitution, pass any local or special law authorizing:
 . . .
 **Regulating the practice or jurisdiction of, or changing the rules of evidence in judicial proceedings or inquiry before the courts, justices of the peace, sheriffs, commissioners, arbitrators, or other tribunals,** or providing or changing the methods for the collection of debts, or the enforcement of judgments or prescribing the effect of judicial sales of real estate; (Emphasis added.)

4. Article V, § 59. Uniform operation of general laws-Special laws when general law applicable. Laws of a general nature shall have a uniform operation throughout the State, and where a general law can be made applicable, no special law shall be enacted.

332 and 333, unconstitutional, and sever them from the Workers' Compensation Code.

¶ 6 The Chiropractors' appendix includes two affidavits from Chiropractors, showing that they have provided evidence in the past in the Workers' Compensation Court. One of them has been an independent medical examiner in the past, and one claims that the new statutes will adversely affect his chiropractic practice. There is also an affidavit from an attorney, attaching reports from the Workers' Compensation Court, showing that 20.7% of claims in 2010 were back related. Also attached is a list of independent medical examiners with Chiropractors on that list. If the statute is found to be constitutional, nineteen Qualified Independent Medical Examiners will be erased from the books.

¶ 7 In the present matter there is no hypothetical controversy in the instant suit. Daniel Post, D.C., is an "independent medical examiner" ("IME") certified by the Workers' Compensation Court. He can no longer act as an independent medical examiner under the new statute. Therefore, there is an actual, existing justiciable controversy between parties having opposing interests, which interests must be direct and substantial, and involve an actual, as distinguished from a possible, potential or contingent dispute. *Gordon v. Followell*, 1964 OK 74, ¶ 0, 391 P.2d 242. The appendix provided by the Chiropractors shows that eighteen (18) other Chiropractors are Qualified Independent Medical Examiners for the term beginning July 1, 2011.

¶ 8 However, for this matter to go forward, 85 O.S. §§ 329 and 333 have to be shown to either be impermissible special laws or violate the separation of powers.[5] In *Thomas v. Henry*, 2011 OK 53, ¶ 12, 260 P.3d 1251, this Court stated that a general statute is one that uniformly regulates or involves all persons or things in a given class, and is general in its application to all of the given class, as opposed to applying to less than an entire class of similarly-situated persons.

¶ 9 In *Grant v. Goodyear Tire and Rubber Co.*, 2000 OK 41, ¶ 10, 5 P.3d 594, 598, this Court held:

A special law is one that treats those within the same class differently. For a special law to be permissible, there must be some distinctive characteristic warranting different treatment and that furnishes a practical and reasonable bias for discrimination. *Hamilton v. Oklahoma City*, 1974 OK 109, ¶ 6, 527 P.2d 14, 15–16. If there is neither a distinctive characteristic upon which a different treatment may reasonably be founded nor one which furnishes a practical and real basis for discrimination between the two groups within the class, the distinction becomes arbitrary and without relation to the subject matter. *Roberts v. Ledgerwood*, 134 Okla. 152, 272 P. 448, 452 (1928). Such a special law cannot withstand constitutional scrutiny.

¶ 10 Furthermore in *Yocum v. Greenbriar Nursing Home*, 2005 OK 27, ¶ 17, 130 P.3d 213, 221, this Court held:

The probative value of an IME's opinion on the extent of impairment or disability is evidence to be considered on a footing equal to all other proof in the case. There is no basis in compensation law for authority to drain the judicial process of its very essence by encroaching on the trial tribunal's freedom to rate compensable harm at any point that stands within the range of adduced competent evidence. *Legislation that either directly or obliquely predetermines an adjudicative fact impermissibly invades the judiciary's exclusive constitutional prerogative of fact-finding.* (Emphasis added.)

In *Conaghan v. Riverfield Country Day School*, 2007 OK 60, ¶ 20–22, 163 P.3d 557, 564–565, this Court held that a workers' compensation statute which attempts to predetermine the range of adjudicated facts, and impermissibly invades the judiciary's exclusive constitutional prerogative of fact-finding, violated separation of powers:

These restrictions on the workers' compensation court give determinative effect to the opinions of the court-appointed independent medical examiner and the treating physician even when the treating physician's opinion is not supported by objective

---

**5.** See footnotes 3 and 4.

medical evidence. These restrictions attempt to predetermine the range of the adjudicative facts and impermissibly invade the judiciary's exclusive constitutional prerogative of fact-finding. (Citations omitted).

*Id.* at ¶ 22.

¶ 11 In the present matter, 85 O.S. Supp. 2011 § 326(D) provides:

The term "physician" as used in this section shall mean any person licensed in this state as a medical doctor, chiropractor, podiatrist, dentist, osteopathic physician or optometrist. The Court may accept testimony from a psychologist if the testimony is requested by the Court.

85 O.S. Supp.2011 § 329(A) provides:

The Workers' Compensation Court shall create, maintain and review a list of licensed physicians who shall serve as independent medical examiners from a list of licensed physicians who have completed such course study as the Administrator of the Workers' Compensation Court may require and who have been recommended as independent medical examiners by the Physician Advisory Committee. The Court shall, to the best of its ability, include the most experienced and competent physicians in the specific fields of expertise utilized most often in the treatment of injured employees. The period of qualification shall be two years. Physicians may be qualified for successive two-year periods. Physicians serving as Court qualified independent medical examiners on the effective date of this act shall serve the remainder of their respective two-year qualification periods and may reapply for successive qualification periods. The Court may remove an independent medical examiner from the list for cause. For purposes of this section, a physician shall be either a licensed medical doctor or a licensed doctor of osteopathy and shall include a person licensed in another state who would be qualified to be a licensed medical doctor or a licensed doctor of osteopathy under the laws of this state.

How can Chiropractors, as well as Dentists, Podiatrists, and Optometrists, having been removed as Qualified Independent Medical Examiners, serve out the remainder of their terms without going against the statutory language?

 85 O.S. Supp.2011 § 333(B) provides:

Permanent partial impairment shall not be allowed to a part of the body for which no medical treatment has been received. A determination of permanent impairment or disability made by the Court which is not supported by objective medical findings provided by a treating physician who is a medical doctor or doctor of osteopathy or a qualified independent medical examiner shall be considered an abuse of discretion.

85 O.S. Supp.2011 § 308(39) states:

"Qualified independent medical examiner" means a licensed medical doctor or doctor of Osteopathy qualified to serve as an independent medical examiner pursuant to this act;

¶ 12 We find the legislature, by the exclusion of not only chiropractors, but also podiatrists, dentists, and optometrists, have created a suspect special class. We also find that there is neither a distinctive characteristic upon which this different treatment is reasonably founded nor one which furnishes a practical and real basis for discrimination between the groups within the classes. Therefore, the distinction becomes arbitrary and without relation to the subject matter. We therefore find that the portions of the statutes that exclude all physicians other than medical doctors or doctors of osteopathy, including the definition of "qualified independent medical examiner" in § 308(39), to be unconstitutional. Because we determine that the language, "(f)or purposes of this section, a physician shall be either a licensed medical doctor or a licensed doctor of osteopathy and shall include a person licensed by another state who would be qualified to be a licensed medical doctor or a licensed doctor of osteopathy under the laws of this state," [6] and "(a) determination of permanent impairment or disability made by

6. 85 O.S. Supp.2011 § 329(A).

the Court which is not supported by objective medical findings provided by a treating physician who is a medical doctor or doctor of osteopathy or a qualified independent medical examiner shall be considered an abuse of discretion,"[7] creates a special law, we must consider whether this offending language can be severed and the remainder of the statute can be preserved. A cardinal principle of statutory construction is to save and not destroy. *In the Matter of the Application of the Oklahoma Dept. of Transportation,* 2002 OK 74, ¶ 27, 64 P.3d 546, 552. In this regard, we must determine whether the purpose of the statute would be significantly altered by severing the offending language, whether the Legislature would have enacted the remainder of the statute without the offending language, and whether the non-offending language is capable of standing alone. *Conaghan v. Riverfield Country Day School,* 2007 OK 60, ¶ 23, 163 P.3d 557, 565. The removal of the language merely upholds the status quo. The 2011 workers' compensation reform act contained 88 sections and 149 pages seeking comprehensive reform of existing workers' compensation jurisprudence. In view of the scope and breadth of the statutory changes in the 2011 workers' compensation reform act, it is our opinion that the purposes of the act would not be significantly altered by severing the offending language and that the Legislature would have enacted the statute without the offending language. The non-offending language can stand alone. Title 75 O.S.2001, § 11a provides that ". . . the provisions of every act or application of the act shall be severable. If any provision or application of the act is found to be unconstitutional and void, the remaining provisions or applications of the act shall remain valid . . ."

■ ¶ 13 In the present matter the Legislature has attempted to change the standard of review in the Workers' Compensation Court from preponderance of the evidence to the standard of clear and convincing evidence. Therefore, 85 O.S. Supp.2011 § 329(J) the last sentence of which provides in pertinent part, "(t)he opinion of the independent medical examiner shall be followed unless there is a clear and convincing evidence to the contrary," must be severed. Additionally, 85 O.S. Supp.2011 § 332(C) provides:

There shall be a rebuttable presumption in favor of the treating physician's opinions on the issue of temporary disability and need for medical treatment. This presumption shall continue unless rebutted by clear and convincing evidence to the contrary of a qualified independent medical examiner.

The second sentence of this statute must be severed as well for changing the standard of proof required. Finally, 85 O.S. Supp.2011 § 326(G) provides:

Effective March 1, 2012, the scope and duration of medical treatment shall be provided in accordance with the current edition of the "Official Disability Guidelines", [sic] as published by the Work Loss Data Institute. For medical treatment not addressed by the Official Disability Guidelines or addressed by not recommended in the ODG section in regard to injuries to the cervical, thoracic or lumbar spine, the Physician Advisory committee shall adopt the Oklahoma Treatment Guidelines as provided in Section 73 of this act. Medical treatment provided by or at the direction of the treating physician in accordance with the current edition of the Official Disability guidelines or Oklahoma Treatment Guidelines is presumed to be reasonable and necessary medical care. The employer or insurance carrier shall not be responsible for charges for medical treatment not provided in accordance with the current edition of the Official Disability Guidelines or Oklahoma Treatment Guidelines unless the medical treatment was provided in a medical emergency, the medical treatment was preauthorized by the employer or insurance carrier, or the medical treatment is approved by the Court upon a finding based on clear and convincing evidence provided by a qualified independent medical examiner that medical treatment provided according to either ODG or OTG is not in the best interest of the employee.

7. 85 O.S. Supp.2011 § 333(B).

The portion of the forgoing statute that states, "based on clear and convincing evidence" in the final sentence must also be stricken from the statute for attempting to change the standard of review in the Workers' Compensation Court from preponderance of the evidence to the standard of clear and convincing evidence.

## CONCLUSION

¶ 14 We hold that the definition of "qualified independent medical examiner" to the extent it is limited to only a licensed medical doctor or doctor of Osteopathy in 85 O.S. Supp.2011 § 308(39) and the specifically mentioned portions of 85 O.S. Supp.2011 §§ 329 and 333, are special laws in violation of the Oklahoma Constitution. We also hold that the specifically mentioned portions of 85 O.S. Supp.2011 §§ 326, 329 and 332 violate the separation of powers clause, Art. IV, § 1 of the Oklahoma Constitution. Therefore, such portions of the offending statutes that are explicitly referenced herein are hereby severed.

## APPLICATION TO ASSUME ORIGINAL JURISDICTION PREVIOUSLY GRANTED; OFFENDING STATUTES ARE FOUND TO BE UNCONSTITUTIONAL, AND APPLICABLE PORTIONS ARE HEREBY SEVERED.

¶ 15 CONCUR: COLBERT, V.C.J., WATT, EDMONDSON, REIF, COMBS, GURICH, JJ.

¶ 16 DISSENT: TAYLOR (JOINS WINCHESTER, J.), C.J., KAUGER (JOINS WINCHESTER, J.), WINCHESTER (BY SEPARATE WRITING), JJ.

1. I would decline to assume original jurisdiction in this case. When this Court has concurrent jurisdiction with the district courts, the Supreme Court will assume jurisdiction only in rare cases where there is a public interest controversy and an urgent or pressing need for determination of the matter. *Keating v. Johnson*, 1996 OK 61, ¶ 9, 918 P.2d 51. The Chiropractors failed to plead facts that would indicate a concern for the

WINCHESTER, J., with whom TAYLOR, C.J., and KAUGER, J., join, dissenting:

¶ 1 I dissent to the majority opinion which assumes original jurisdiction to declare portions of the newly enacted Workers' Compensation Code, effective August 26, 2011, unconstitutional. I do not agree that the statutes in question constitute impermissible special laws nor do they violate the separation of powers clause, Art. IV, § 1 of the Oklahoma Constitution.[1]

¶ 2 The majority finds that 85 O.S.2011, §§ 329 and 333, which exclude chiropractors from the list of qualified independent medical examiners, are special laws in violation the Oklahoma Constitution. The majority summarily claims that the exclusion of the Chiropractors creates a suspect, special class. I disagree.

¶ 3 Special laws, prohibited by Art. 5, §§ 46 and 59 of the Oklahoma Constitution, are those which do not have uniform operation and which apply to less than a whole class of persons, entities or things standing upon the same footing or in substantially the same situation or circumstances. *City of Bethany v. Public Employees Relations Bd. of State of Okl.*, 1995 OK 99, ¶ 36, 904 P.2d 604. The only issue to be resolved in a special laws attack is whether the statute in question targets for different treatment less than an entire class of similarly situated persons or things. *Glasco v. State ex rel. Okla. Dept. of Corrections*, 2008 OK 65, ¶ 18, 188 P.3d 177, 185.

¶ 4 The requisite class here includes the parties to the workers' compensation system, that is, the claimant employees and their employers. They are the parties entitled to submit evidence in a workers' compensation case. Despite the Chiropractors' assertions to the contrary, the implicated class is not the physicians who treat the claimants. The workers' compensation system exists for the

broader public welfare. Instead, the Chiropractors point to their own hypothetical diminution in revenue based on their inability to be paid for the production of independent medical examiner reports it presents to the workers' compensation court. Moreover, there is no urgent need to determine this matter at the Supreme Court level. There is no reason this matter could not be timely and adequately resolved in the trial court.

benefit of claimants and their employers, not for the benefit of the treating physicians. The statutes in question articulate the rights of claimants and employers regarding the parties' submission of medical evidence at trial.[2] Under the 2011 workers' compensation system, all claimants and their employers are treated alike and, as such, the statutes do not violate the special laws restraints in the Oklahoma Constitution.

¶ 5 Even if the Chiropractors could be considered part of a "class" for purposes of this analysis, the laws would not be deemed unconstitutional as chiropractors are not on the same footing as licensed medical doctors (M.D.'s) or doctors of osteopathy (D.O.'s). Chiropractors do not have the same medical training or education as M.D.'s or D.O.'s and their scope of work is more limited. Moreover, the practice of medicine by M.D.'s and D.O.'s includes a wide variety of specialties and covers a much broader range of treatment. M.D.'s and D.O.'s are trained to treat and evaluate the entire human body while the scope of treatment by chiropractors is, admittedly, more limited. As such, the statutes in question validly distinguish the Chiropractors from M.D.'s and D.O.'s and are not impermissible, special laws.

¶ 6 Finally, the majority asserts that the statutes violate the separation of powers clause in Art. IV, § 1 of the Oklahoma Constitution. The separation of powers doctrine prohibits legislative intrusion upon the functions assigned to the judiciary by the Constitution. *Yocum v. Greenbriar*, 2005 OK 27, ¶ 13, 130 P.3d 213, 220. Generally, it is not within the province of this Court to judicially sanction the making of changes in workers' compensation statutes, or rights created thereunder, for this is within the prerogative of the legislature in the exercise of its police power. *Ingram v. Oneok, Inc.*, 1989 OK 82, 775 P.2d 810, 813; *Cities Service Gas Co. v. Witt*, 1972 OK 100, 500 P.2d 288. Okla-

homa's workers' compensation system is a creature of statute enacted by the Legislature which abrogates the common law, creates statutorily exclusive rights in the field it operates, along with remedies and procedures, and is hence, *sui generis.* *See* 85 O.S.2011 § 301 *et seq.; Ingram v. Oneok, Inc.*, 1989 OK 82, 775 P.2d 810, 813.

¶ 7 Neither 85 O.S.2011, § 329 nor § 333 invade the judiciary's independence and factfinding powers as neither statute alters the weight to be accorded evidence presented to the workers' compensation court judge. The Workers' Compensation Court must still weigh all evidence and determine which evidence is clear and convincing.

¶ 8 Additionally, the present statutes are distinguishable from the statute at issue in *Conaghan v. Riverfield Country Day School*, 2007 OK 60, 163 P.3d 557, cited by the majority. In *Conaghan*, this Court held that a workers' compensation statute which attempts to predetermine the range of adjudicated facts, and impermissibly invades the judiciary's exclusive constitutional prerogative of factfinding, violated the separation of powers. *Conaghan v. Riverfield Country Day School*, 2007 OK 60, ¶ 20, 163 P.3d 557, 564. This Court also held, however, that a workers' compensation statute which created a rebuttable presumption in favor of a treating physician's opinion did not violate the separation of powers. *Conaghan v. Riverfield Country Day School*, 2007 OK 60, ¶ 19, 163 P.3d 557, 564.

¶ 9 In the present case, 85 O.S.2011, § 329(J), which provides that the opinion of an independent medical examiner shall be followed unless there is clear and convincing evidence to the contrary, is similar to the rebuttable presumption approved by this Court in *Conaghan*. The new requirement does not alter the burden of proof any more than the rebuttable presumption in *Conaghan*. The determination of whether a

---

2. Employers as well as employees rely upon the workers' compensation system for protection for on-the-job injuries. The Legislature has the sole discretion to change the laws to define qualified independent medical examiners as it sees fit, within the realm of constitutionality. There is no mention in the Act of a right for chiropractors to be qualified independent medical examiners nor do they have a right to present any evidence at workers' compensation hearings. The Legislature is free to exclude chiropractors from independent medical examiner status if it wishes to do so. Nothing in the new Act, however, prohibits the chiropractors from providing treatment to claimants.

claimant has properly met his burden of proof is still the task of the trial judge.

¶ 10 The statutes in question do not constitute impermissible, special laws, nor do they violate the separation of powers doctrine. Accordingly, I dissent.