2014 OK 35

**KENTUCKY FRIED CHICKEN OF McALESTER, and Old Glory Insurance Co., Insurance Carrier, Petitioners,**

v.

**Ben SNELL and the Workers' Compensation Court, Respondents.**

No. 110829.

Supreme Court of Oklahoma.

April 29, 2014.

Cathy C. Barnum, Kelley Bodell, Donald R. Lindauer II, Norman, Oklahoma, for Petitioners.

Ray Lahann, James E. Lowell, Tulsa, Oklahoma, for Respondents.

## OPINION

WATT, J.:

¶ 1 The issue before this Court is whether the Court of Civil Appeals (COCA) erred when it held the Legislature's enactment of 85 O.S.2011 § 340(D)(4) of the Oklahoma Workers' Compensation Code (WCC), 85 O.S.2011, §§ 301–413, (now repealed), violated the Oklahoma Constitution's separation of powers provision, Art. IV, § 1. We hold in the affirmative.

¶ 2 Respondent/claimant, Ben Snell, was employed by Petitioner/Employer, Kentucky Fried Chicken of McAlester. He alleged that on January 9, 2012, while at work, he slipped and fell while carrying a tray of chicken weighing approximately 40 to 50 pounds. The trial court awarded claimant temporary total disability (TTD) and reasonable and necessary medical treatment for injuries to his neck, the second finger of his right hand, and aggravation of pre-existing conditions to his left knee and low back. All other issues were reserved.

¶ 3 On appeal, COCA sustained the award. In its opinion, COCA ruled the standard of review in this case is the "any competent evidence" standard because of a holding in a previous opinion by the same division, *West-Oak Industries, Inc. v. DeLeon*, 2013 OK CIV APP 32, 299 P.3d 878.[1] *WestOak*, su-

1. COCA held, at page 7 of its unpublished opinion:

pra, held 85 O.S.2011 § 340(D)(4), setting out "against the clear weight of the evidence" as the appellate standard of review in workers' compensation cases, constituted a violation of the separation of powers provision of the Oklahoma Constitution. *WestOak* is completely at odds with another COCA opinion, *Harvey v. Auto Plus of Woodward*, 2012 OK CIV APP 92, 287 P.3d 410, decided by Division 1. *Harvey*, supra, held § 340(D)(4) was not unconstitutional as a separation of powers violation.[2] We granted certiorari on January 7, 2014, in this case to consider the issue for the first time, as certiorari was not sought in either of the previous cases, and as noted above, COCA relied on *WestOak Industries, Inc. v. DeLeon*, supra, in determining that the "any competent evidence" standard is appropriate in this case.[3]

## SEPARATION OF POWERS

 ¶ 4 The separation of powers provision in the Oklahoma Constitution is found at Art. IV, § 1, and provides:

The powers of the government of the State of Oklahoma shall be divided into three separate departments: The Legislative, Executive, and Judicial; and except as provided in this Constitution, the Legislative, Executive, and Judicial departments of government shall be separate and distinct,

and neither shall exercise the powers properly belonging to either of the others.

¶ 5 *WestOak* held the Legislature violated Art. IV, § 1, by statutorily mandating the "against the clear weight of the evidence" standard for appellate courts. It held the Legislature was without authority to direct a specific standard of review for an order of the Workers' Compensation Court.

¶ 6 The Court of Civil Appeals relied extensively on *Yocum v. Greenbriar Nursing Home*, 2005 OK 27, 130 P.3d 213. At issue in that cause was an interpretation of 85 O.S. 2001 § 17(D) (repealed 2011), which COCA read to require giving an IME's report *prima facie* effect, despite the absence of a specific requirement to do so. This Court would not infer such legislative intent from a statute silent on the subject. *Yocum* does not stand for the proposition that the Legislature may not alter the standard of proof in workers' compensation cases. Rather, it prohibits the Legislature from affording any one form of proof an elevated standard over similar evidence presented, thus robbing **"that tribunal of its independent power to establish impairment or disability within the range of received competent evidence."** *Yocum* at 130 P.3d 213, 220–221. [emphasis added][4]

---

Based on the date of Claimant's alleged injury, the workers' compensation statute applicable to this appeal is 85 O.S.2011 § 340, which, in § 340(D)(4), purports to require this Court to review workers' compensation court determinations of non-jurisdictional facts based on a "clear weight of the evidence" standard of review. In *WestOak Industries, Inc. v. DeLeon*, 2013 OK CIV APP 32, 299 P.3d 878 (mandate issued 4/17/13), however, this Court held that 85 O.S.2011 § 340(D)(4) violates the "separation of powers" clause in Article IV of the Oklahoma Constitution. We ruled that the standard of review applicable to workers' compensation court factual decisions is the "any competent evidence" standard as set out in *Parks v. Norman Mun. Hosp.*, 1984 OK 53, 684 P.2d 548.

Thus, in this matter, to the extent we review factual determinations by the workers' compensation court, we apply the "any competent evidence" standard of review. As to review of decisions on issues of law, our review is *de novo*. *Kluver v. Weatherford Hosp. Auth.*, 1993 OK 85, ¶ 14, 859 P.2d 1081, 1084. A claim of denial of due process is reviewed *de novo*. *In re A.M. & R.W.*, 2000 OK 82, ¶ 6, 13 P.3d 484, 487.

2. However, *Harvey* held specifically that "[T]he Legislature clearly expressed its intent that .85 O.S. § 340(D) be applied retroactively and that the statute does not affect the substantive rights of the parties." COCA's holding is contrary to this Court's decision in *Williams Companies, Inc. v. Dunkelgod*, see *infra*, n. 10.

3. Opinions from the Court of Civil Appeals have only persuasive effect unless the opinion bears the notation "Approved for publication by the Supreme Court" in which case it shall be accorded precedential value. Okla.Sup.Ct.R. 1.200(c)(2), 12 O.S. Supp.2013, Ch. 15, App. 1.

4. *Yocum* explains that "adjudicative facts" are facts "to which the law is to be applied in the process of adjudication." *Yocum*, supra, at 221, ¶ 14, n. 32. They are facts about the parties and must be ascertained from formal proof. The exclusive fact-finding control of the judiciary cannot be compromised by legislation. 130 P.3d at 221, ¶ 15. The statute in question in *Yocum* was, moreover, silent on attributing more weight to an IME's report, and this Court held an intrusion upon the judiciary's fact-finding control

¶ 7 *WestOak,* supra, cites several cases which are cited as persuasive authority for finding a separation of powers violation. See *Puckett v. Cook,* 1978 OK 108, 586 P.2d 721 [5] and *Conaghan v. Riverfield Country Day School,* 2007 OK 60, 163 P.3d 557.[6]

¶ 8 In *Oklahoma State Chiropractic Independent Physicians Association v. Fallin,* 2011 OK 102, 290 P.3d 1, this Court considered statutes [7] which attempted to change the burden of proof [8] used by the trial court when considering the medical reports of the IME's, as opposed to the medical reports of the other medical experts. The statutes would have changed the burden of proof **at the trial court level** of the Workers' Compensation Court from preponderance of the evidence to clear and convincing evidence only when considering the IME's reports. We held the provisions violated the separation of powers provision of our constitution because they restricted the court's authority to determine adjudicative facts.[9]

¶ 9 Relying on *WestOak,* supra, to find the "any competent evidence" standard of review applied herein, COCA explained in the present case that, before the Legislature adopted § 340(D)(4) in 2011,

the settled standard of review by an appellate court for findings of fact was the traditional test set forth in *Parks v. Norman Mun. Hosp.,* 1984 OK 53, 684 P.2d

548. Pursuant to this standard, findings of fact made by the Workers' Compensation Court are conclusive and binding upon an appellate court where there is any competent evidence reasonably tending to support such findings. *Id.* at ¶ 2, 684 P.2d at 549. Parks did not alter the distinctions between standards of review for fact determinations and conclusions of law. [citations and footnotes omitted]

*WestOak,* supra, 299 P.3d at 880–881, ¶ 9.

¶ 10 The standard of review for questions of law, under former § 26, has long been part of the statutory scheme for workers' compensation cases. *WestOak* found that *Parks* represented a continuation of the court-established "any competent evidence" standard of review. Nevertheless, it also acknowledged that the Workers' Compensation Act, in effect at the time *Parks* was decided, did not specify an appellate standard of review for factual determinations made by the fact-finder. **Beginning in 2010, however, the Legislature did enact a specific appellate standard of review for factual determinations.** See 85 O.S. Supp.2010, § 3.6(C) (repealed 2011), which was renumbered, effective August 26, 2011, as part of the newly enacted Workers' Compensation Code, as 85 O.S.2011 § 340(D)(4) (repealed 2–1–14),[10] both of which provided, in pertinent part:

could not be inferred from a silent, ambiguous or doubtful statutory text. See *Yocum,* supra, at 221.

**5.** In *Puckett,* we considered 12 O.S.1971 § 559, which allowed consolidation of cases for trial only upon the agreement of the parties. We held the statute exercised ultimate control of certain classes of suits and was, therefore, an encroachment on the powers of unlimited original jurisdiction granted to district courts under Art. VII, § 7, Okla. Const. Because § 559, considered in *Puckett,* supra, allowed the parties to decide whether cases would be considered together, and ultimately, tried together, we held it removed the discretion which is accorded to the judiciary by the Oklahoma Constitution.

**6.** In *Conaghan v. Riverfield Country Day School,* 2007 OK 60, 163 P.3d 557, we held 85 O.S. § 17(A)(2)(b) violated the separation of powers provision of the Oklahoma Constitution, Art. IV, § 1, because the restrictions placed on the workers' compensation court in § 17 gave "determinative effect to the opinions of the court-appointed independent medical examiner and the

treating physician even when the treating physician's opinion is not supported by objective medical evidence." *Conaghan,* at ¶ 22, 564–565.

**7.** 85 O.S.2011 §§ 326(G), 329(J) and 332(C).

**8.** Although we used the terminology "standard of review," it is clear that we were considering the burden of proof to be used at the trial level by the fact-finding tribunal. *Fallin,* supra, 290 P.3d at 6, ¶ 13, 290 P.3d at 7, ¶ 13.

**9.** In *Fallin,* we found the statutes which would have changed the burden of proof at the trial court level only for reports of IME's, as well as statutes excluding chiropractors from being IME's, were unconstitutional. We agreed that the statutes infringed upon the WCC's discretion in determining claims and invaded the judiciary's exclusive prerogative of fact-finding. *Fallin,* supra, 290 P.3d at 4–5, ¶ 10.

**10.** 85 O.S.2011 § 340(D) originally provided that the date of the injury could be disregarded, making the "against the clear weight of the evidence"

[T]he Supreme Court may modify, reverse, remand for hearing, or set aside the order or award upon any of the following grounds:

1. The Court acted without or in excess of its powers;

2. The order or award was contrary to law;

3. The order or award was procured by fraud; or

4. **The order or award was against the clear weight of the evidence.** [emphasis added]

 ¶ 11 The above statute, however, did not usurp the authority of the trial court, as the **fact-finding tribunal,** in its determination of **adjudicative facts.** This Court does not determine adjudicative facts in the workers' compensation court. That is the prerogative and responsibility of the trial court and, when appropriate, the three-judge panel. The statute does not diminish the ability of the trial court or the three-judge panel to determine the adjudicative facts after considering the evidence and the appropriate law to be applied. Moreover, the statute does not infringe on the appellate authority of this Court, or of COCA, to use a particular standard of review after the adjudicative facts are determined.[11]

## AUTHORITY OF THE LEGISLATURE

¶ 12 The Oklahoma Constitution provides at Article V, Section 36:

The authority of the Legislature shall extend to all rightful subjects of legislation, and any specific grant of authority in this Constitution, upon any subject whatsoever, shall not work a restriction, limitation, or exclusion of such authority upon the same or any other subject or subjects whatsoever.

 ¶ 13 This Court does not examine the Constitution to decide whether the Legislature is permitted to act. *Movants to Quash Multicounty Grand Jury Subpoena v. Dixon,* 2008 OK 36, 184 P.3d 546, citing *Tate v. Logan,* 1961 OK 136, ¶ 19, 362 P.2d 670, 674–75. Instead, we examine the Constitution to determine whether the Legislature is prohibited from acting. *Dixon,* supra, 184 P.3d at 553. See *Tate,* supra, at 674–75:

We do not look to the Constitution to determine whether the Legislature is authorized to do an act **but rather to see whether it is prohibited.** If there is any doubt as to the Legislature's power to act in any given situation, the doubt should be resolved in favor of the validity of the action taken by the Legislature. Restrictions and limitations upon legislative power are to be construed strictly, and are not to be extended to include matters not covered or implied by the language used. [emphasis added]

 ¶ 14 Our constitution prohibits the Legislature from passing certain laws, which are not at issue here.[12] In the present case,

---

standard of review applicable to injuries which occurred before the effective date of the statute. However, in *Williams Companies, Inc. v. Dunkelgod,* 2012 OK 96, 295 P.3d 1107, this Court invalidated that part of the statute, ruling it unconstitutionally abrogated a claimant's substantive right to have the appeal considered under the standard of review existing at the time of the injury, and giving it prospective application only.

11. Okla. Const. Art. 7, § 4. Jurisdiction of Supreme Court—Writs
The appellate jurisdiction of the Supreme Court shall be co-extensive with the State and shall extend to all cases at law and in equity; except that the Court of Criminal Appeals shall have exclusive appellate jurisdiction in criminal cases until otherwise provided by statute and in the event there is any conflict as to jurisdiction, the Supreme Court shall determine which court has jurisdiction and such determination shall be fi-

nal....The appellate and the original jurisdiction of the Supreme Court and all other appellate courts shall be invoked in the manner provided by law.

12. For example, see Art. V, § 46, prohibiting the passage of "any local or special law" on certain enumerated actions. A "special law" is a law which singles out less than an entire class of similarly affected persons or things for different treatment. *Lafalier v. Lead–Impacted Communities Relocation Assistance Trust,* 2010 OK 48, ¶ 27, 237 P.3d 181, 192. It relates to particular persons or particular things within a class. *Id.* On the other hand, a "general law" relates to all persons or things of a class and operates uniformly upon all persons or things brought within the class by common circumstances, even though it may directly affect only a few. *Id.,* citing *Reynolds v. Porter,* 1988 OK 88, ¶ 14, 760 P.2d 816, 822.

it is argued that the enactment of 85 O.S. 2011 § 340(D)(4), providing for the "against the clear weight of the evidence" standard of review for workers' compensation appeals, is unconstitutional because it violates the separation of powers provision of our constitution. The basis of this argument is that the Legislature is without authority to name a specific standard of review to impose on the courts. There is no indication in 85 O.S.2011 § 340(D)(4) that the application of the "against the clear weight" standard is to be applied other than uniformly to all appeals in which the injury occurred within the appropriate time frame.[13] Therefore, it is not an unconstitutional special law under Art. V, § 46, of the Oklahoma Constitution.

■■ ¶ 15 It has long been recognized by this Court that the workers' compensation system is a creature of statute. *In the Matter of the Death of Christopher Allen Hyde,* 2011 OK 31, 255 P.3d 411, *Hefley v. Neely Insurance Agency, Inc.,* 1998 OK 12, 954 P.2d 135 and *Cities Service Gas Co. v. Witt,* 1972 OK 100, 500 P.2d 288. The workers' compensation court is a statutory tribunal of limited jurisdiction and has only such jurisdiction as is conferred by law. *Hefley,* supra, at 137, ¶ 7, citing *Cities Service Gas Co. v. Witt,* supra. It is within the prerogative of the legislature to make changes to the workers' compensation statutes. *Id.*

■■ ¶ 16 The subject matter of the statute concerns a "rightful subject" of legislation, i.e., the appellate standard of review by this Court under a compensation system **created by statute.** To hold that the Legislature cannot amend part of an act it created is not supported by the Oklahoma Constitution. Section 340(D)(4) applies uniformly to workers' compensation claimants whose claims arose during the appropriate time period. See *Williams Companies, Inc. v. Dunkelgod,* supra. Research reveals no prohibition against the statute at issue here, and the causes cited for its unconstitutionality are unconvincing. Moreover, the determination of adjudicative facts by the judiciary is not affected here. We have a duty to interpret statutes in a way that makes their application constitutional, rather than unconstitutional. *Zeier v. Zimmer,* 2006 OK 98, 152 P.3d 861, 866. We also held in *Zeier,* at 866–867:

> Nevertheless, just as it is the responsibility of the Legislature to make law and the Executive to carry those laws into effect, it is for the judiciary to interpret the same— we are the independent department of government charged with the responsibility of protecting the constitution.

## CONCLUSION

¶ 17 We hold that there is no constitutional separation of powers prohibition in the Okla. Const., art. IV, § 1 against the Legislature's adoption of the "against the clear weight of the evidence" standard of review in 85 O.S. 2011 § 340(D)(4). COCA's opinion is vacated. Because we find *WestOak Industries, Inc. v. DeLeon,* 2013 OK CIV APP 32, 299 P.3d 878, and *Harvey v. Auto Plus of Woodward,* 2012 OK CIV APP 92, 287 P.3d 410, to be totally inconsistent with the views expressed in this opinion, they are both specifically overruled.

¶ 18 In light of our disposition of this constitutional issue regarding the separation of powers, the Claimant's Motion for Attorney Fees for Frivolous Appeal, pursuant to 20 O.S.2011 § 15.1, is denied. The opinion of the Court of Civil Appeals is vacated. This cause is remanded to COCA with directions to consider the issues in this appeal in conformity with the views expressed in this opinion.

**COURT OF CIVIL APPEALS' OPINION IS VACATED; MOTION FOR ATTORNEY FEES IS DENIED; CAUSE IS REMANDED TO COURT OF CIVIL APPEALS WITH DIRECTIONS.**

---

**13.** We held in *Dunkelgod,* supra, that the appellate standard of review in workers' compensation cases is determined by the law in effect on the date of the injury. The "against the clear weight" standard was first in effect on November 1, 2010, cited as 85 O.S. Supp.2010, § 3.6(C). When the Workers' Compensation Code, effective 8/26/11, was enacted, the "against the clear weight" standard was found at 85 O.S.2011 § 340(D)(4). We invalidated the provision "regardless of the date of injury," in § 340(D) because we held the standard of review on appeal was part of the substantive right of the accrued claim which arose on the date of the injury.

COLBERT, C.J., REIF, V.C.J., KAUGER, WATT, WINCHESTER, EDMONDSON, COMBS, GURICH, JJ., concur.

TAYLOR, J., not participating.