OSCN Found Document:Question Submitted by: The Honorable Mark McBride, Oklahoma House of Representatives, District 53

 

 
 

 
 
 
 
 Previous Case

 
 Top Of Index

 
 This Point in Index

 
 Citationize

 
 Next Case

 
 Print Only

 
 
 

 
 Question Submitted by: The Honorable Mark McBride, Oklahoma House of Representatives, District 53
2023 OK AG 3
Decided: 04/04/2023
Oklahoma Attorney General Opinions

Cite as: 2023 OK AG 3, __ __

 

¶0 This office has received your request for an official Attorney General Opinion in which you ask, in effect, the following questions:
1. Does power vested in the State Board of Education ("Board") to promulgate administrative rules absent specific statutory authorization violate article 5, section 1 of the Oklahoma Constitution which vests the legislative power of the State in the Legislature?
2. Is the language in section 3-104 of title 70 of the Oklahoma Statutes, authorizing the Board to adopt policies and make rules for the operation of public schools in the State, an unconstitutional overly broad delegation of legislative power to the executive branch of government?
¶1 This office initially responded to your request on March 20, 2023, through a letter from this office's General Counsel. Because you have followed-up the March 20 letter with a request for a formal opinion and there is no longer pending legislation on the topics in the questions presented, this formal opinion is provided pursuant to the duty in 74 O.S.2021, § 18b(A)(5).

I.
BACKGROUND
¶2 Article I, section 5 of the Oklahoma Constitution obligates the Legislature to provide for the establishment and maintenance of a system of free public schools. Further, the Constitution establishes the Board and provides that its powers and duties shall be prescribed by law. OKLA. CONST. art. XIII, § 5. In 1949, the Legislature enacted the Oklahoma School Code (the "Code") to fulfill its constitutional obligation to establish and maintain the public schools and to set forth the powers and duties of the Board. Oklahoma Farm Bureau v. State Bd. of Educ., 1968 OK 98, ¶ 3, 444 P.2d 182, 184; 70 O.S.2021, § 1-102. The Code sets forth the Board's general powers and authority at section 3-104 of title 70 of the Oklahoma Statutes. Relevant to this Opinion, the State Board is authorized in section 3-104 to:
1. Adopt policies and make rules for the operation of the public school system of the state;
7. Promulgate rules governing the classification, inspection, supervision and accrediting of the public schools; 17. Have authority to provide for the health and safety of school children and school personnel while under the jurisdiction of school authorities
18. Provide for the supervision of the transportation of pupils; and,
20. Perform all duties necessary to the administration of the public school system in Oklahoma as specified in the Oklahoma School Code. 

Id. § 3-104(A)(1, 7, 17, 18, & 20).
¶3 In other provisions of the Code, the Legislature has established policy through its lawmaking powers and then required the Board to promulgate rules to implement those specific acts.[1] In light of the Legislature's express statutory delegations of authority to the Board on specific subjects, this opinion addresses whether the Legislature has duly authorized the Board, pursuant to section 3-104 of title 70, to impose particular requirements on schools through rulemaking. In other words, the inquiry centers on whether such a broad grant of power can be justified under the Oklahoma Constitution and the Administrative Procedures Act (the "APA"). For the reasons set forth below, the broad statutory provision in section 3-104 does not expressly grant the Board with sweeping authority to promulgate specific rules. Further, while section 3-104 does not violate the non-delegation doctrine, any rule promulgated solely pursuant to that section is invalid and may not be enforced.

II.
DISCUSSION
A. The Legislature may delegate rulemaking authority to the Board, but section 3-104(A)(1) does not authorize rulemaking on a specific statute or subject. 
¶4 Article V, section 1, of the Oklahoma Constitution, expressly identifies the Legislature as the lawmaking authority of the State. Then, pursuant to article V, section 36, the authority of the Legislature extends to all rightful subjects of legislation, and specific grants of authority in the Constitution do not work as restrictions upon the legislative power. While the authority to enact laws and establish policy is the sole province of the Legislature, the Legislature may delegate some rulemaking authority to executive branch agencies to implement statutorily mandated policies. Tulsa Cnty. Deputy Sheriff's Fraternal Ord. of Police, Lodge Number 188 v. Board of Cnty. Comm'rs, 2000 OK 2, ¶¶ 8--9, 995 P.2d 1124, 1128; In re Initiative Petition No. 366, State Question No. 689, 2002 OK 21, 46 P.3d 123; 75 O.S.2021, § 250.2.[2] Recently, the Oklahoma Supreme Court has recognized the Legislature's ability to delegate some rulemaking authority to the State Board of Education. Western Heights Indep. Sch. Dist. v. State, 2022 OK 79, ¶ 77, 518 P.3d 531, 554. Nevertheless, any delegation of rulemaking authority must not allow an executive branch agency to assume legislative powers beyond those which are properly delegable.
¶5 Generally, an agency may only exercise the powers "expressly given by statute," as well as those "necessary for the due and efficient exercise of the powers expressly granted, or such as may be fairly implied from the statute granting the express powers." Marley v. Cannon, 1980 OK 147, ¶ 10, 618 P.2d 401, 405. An agency "cannot expand those powers by its own authority." Id. (emphasis added). For example, an agency may not identify within the administrative record that it is proposing a rule for the purpose of expanding an existing statutory framework. Thus, "[a]n administrative agency may not under the guise of its rule making power exceed the scope of its authority and act contrary to the statute which is the source of its authority. Its authority to make rules for its various procedures does not include authority to make rules which extend their powers beyond those granted by statutes." Adams v. Professional Pracs. Comm'n, 1974 OK 88, ¶ 11, 524 P.2d 932, 934.
¶6 In 2020, the Attorney General determined that the general powers and duties in section 3-104 were insufficient, solely, to confer statutory authority for rulemaking authority. 2020 OK AG 13. Specifically, in that opinion, this office concluded:
In promulgating the rule in question, the Department did not point to any particular grant of authority from the Legislature. Rather, it cited Title 70, Section 3-104, which generally outlines the "powers and duties" of the State Board of Education. Nothing in Section 3-104, however, references the Henry Program, nor does it expressly or implicitly authorize the actions taken here.

Id. ¶ 14 (emphasis added). As a result, while the Board has general rulemaking authority under section 3-104, this provision standing alone does not confer the authority to make rules on any specific statutes or subject matter. Rather, the Board must identify a specific grant of authority from the Legislature, which is more precise than the Board's general powers and duties in section 3-104. Otherwise, the Board would invade the constitutionally granted purview of the Legislature and offend article IV, section 1 of the Oklahoma Constitution. Additionally, it is never assumed that the Legislature has done a vain or useless act. Globe Life and Accident Ins. Co., v. Oklahoma Tax Comm'n, 1996 OK 39, ¶ 15, 913 P.2d 1322, 1328. Here, if the Board's general powers and duties were sufficient authority to promulgate rules, then there would be no reason for the Legislature to explicitly provide in separate sections of title 70 that the Board is authorized or required to promulgate certain rules. See 70 O.S.2021, § 3-104(A)(1, 7, 17, 18, 20), compare with 70 O.S.2021, §§ 3-104.3, 3-104.4, 1210.162, 24-157, 1-115, 9-101.1. Therefore, such an interpretation would lead to a vain or useless act.
¶7 Accordingly, relying on the office's conclusion reached in the Attorney General Opinion 2020-13 and the foregoing authorities, any administrative rule promulgated with section 3-104 as the sole authority for the rulemaking action is invalid. It follows then that regulations promulgated in excess of statutory authority are void, cannot be placed into effect, and cannot be enforced. See 2017 OK AG 11, ¶ 15; 1979 OK AG 213, ¶ 18. Furthermore, an agency is not authorized to enforce an invalid rule, nor does it "elevate administrative rules above statutes," merely because a court has yet to officially declare it invalid. Southwestern Bell Tel. Co. v. Oklahoma Corp. Comm'n, 1994 OK 142, ¶¶ 11--13, 897 P.2d 1116, 1119--20. And except where it declares a state statute unconstitutional, an Attorney General opinion such as this "is binding upon the state official affected by it and it is their duty to follow and not disregard those opinions." State ex rel. York v. Turpen, 1984 OK 26, ¶ 5, 681 P.2d 763, 765.

B. Similarly, any rule that is promulgated with section 3-104 as the sole authority for the rulemaking is invalid as it renders that section an unconstitutional delegation to an executive branch agency.
¶8 The non-delegation doctrine arises from the Oklahoma Constitution--both the express separation of powers provision in article IV and the reservation to the Legislature of policymaking for the state in article V. Tulsa Cnty. Deputy Sheriff's Fraternal Ord. of Police, 2000 OK 2, ¶ 8, 995 P.2d at 1128. The State Board of Education is an executive branch entity. See OKLA. CONST. art. VI, § 1; OKLA. CONST. art. XIII, § 5. Article V, section 1 vests "the state's policy-making power . . . exclusively in the Legislature"; the sole exception being the reservation to the people of powers of the initiative and referendum. Oklahoma Educ. Ass'n v. State ex rel. Okla. Legislature, 2007 OK 30, ¶ 20, 158 P.3d 1058, 1065. Article IV, section 1 creates our State's three branches and commands that they be "separate and distinct." Moreover, "neither shall exercise the powers properly belonging to either of the others." Id. ¶ 19, 158 P.3d at 1065.
¶9 The Oklahoma Supreme Court has repeatedly scrutinized state law to determine whether the Legislature has performed its assigned duties in establishing state law and policy. After all, the Legislature may not abdicate its responsibility to resolve fundamental policymaking by delegating that function to others or by failing to provide adequate directions for the implementation of its declared policy. Democratic Party v. Estep, 1982 OK 106, ¶ 16, n.23, 652 P.2d 271, 277 n.23. Rather, the Legislature must "establish its policies and set out definite standards for the exercise of any agency's rulemaking power." Id. ¶ 16, 652 p.2d 277--78. Put another way, the Legislature must provide an agency with certain contours of its policy goals. When that does not occur, such as in Estep, the court will not hesitate to strike down acts that violate the non-delegation doctrine. In Estep, the court ruled that the Oklahoma Campaign Finance Act violated the non-delegation doctrine because it allowed the Campaign Commission unfettered discretion to promulgate rules without legislative standards. Id. ¶ 1, 652 P.2d at 272.
¶10 Over a decade later, in Oklahoma City v. State ex rel. Dep't of Labor, the court struck down a statute that delegated the task of determining the prevailing wage for Oklahoma workers to the United States Department of Labor. 1995 OK 107, 918 P.2d 26. The court held such a delegation to be improper because it gave an agency of unelected bureaucrats in Washington the authority to set prevailing wages. Id. ¶¶ 5--14, 918 P.2d at 29--30. More recently, in the case of In re Initiative Petition No. 366, 2002 OK 21, 46 P.3d 123, the court ruled unconstitutional a delegation of rulemaking authority to the State Board of Education and the State Regents for Higher Education "to promote the following principles." This delegation of authority, according to the court, was unlawful because it failed to state any principles, provided no guidelines for implementing rules, and allowed the agency unfettered discretion to make law. Id. ¶¶ 16, 18, 46 P.3d at 128--129.
¶11 The court has also been adversarial to boards and commissions that use vague statutory powers to justify the reach of the public body's powers. Prior to Estep, the court held that the agency did not have the power to fix retail liquor prices because the Legislature did not delegate such power to the Board. Oliver v. Oklahoma Alcoholic Beverage Control Bd., 1961 OK 9, 359 P.2d 183. Notably, the court rejected the Board's argument that a legal basis for the regulation arose from the Board's statutory powers to supervise, regulate, promulgate rules, and exercise all other powers and duties conferred by law and those incidental thereto. Id.
¶12 Presently, the delegation to the Board to "adopt policies and make rules for the operation of public schools," is likely constitutionally infirm. Without more by way of standards and guidelines, it leaves important determinations to the unrestricted and standardless discretion of bureaucrats. Oklahoma City, 1995 OK 107, ¶ 14, 918 P.2d at 30. Alone, the language in section 3-104(A)(1) fails to set forth any standards or guidelines for the Board to follow and lacks any safeguards to limit political opportunism.
¶13 Clearly, the Legislature may delegate authority to the State Board to determine facts and enact rules within prescribed legislative standards. The instances of doing so are numerous within title 70. See statutes cited supra, note 1.[3] However, nothing within the confines of section 3-104(A)(1), by itself, sets forth the requisite prescribed legislative standards. As a result, a construction in favor of the agency constitutes either an impermissible abdication of lawmaking responsibility or an impermissible delegation of policymaking authority to the Board. Either way, it constitutes an impermissible invasion of the proper province of the Legislature secured for it by article IV, section 1 of the Oklahoma Constitution--which is something this office will not permit. Oklahoma State Chiropractic Indep. Physicians Ass'n v. Fallin, 2011 OK 102, 290 P.3d 1; Estep, 1982 OK 106, ¶¶ 16--20, 652 P.2d at 277. Accordingly, any rulemaking that is promulgated with section 3-104 as the sole authority for the rulemaking is invalid as it renders that section an unconstitutional delegation to an executive branch agency.

¶14 It is therefore, the official Opinion of the Attorney General that:

1. The Legislature may delegate rulemaking authority to the Board, but section 3-104(A)(1) does not authorize rulemaking on a specific statute or subject.
2. Section 3-104 does not violate the non-delegation doctrine, but any rulemaking promulgated solely pursuant to section 3-104 is invalid as it renders that section, as applied, an unconstitutional delegation to an executive branch agency.
3. Any rule promulgated relying only on the general "powers and duties" within section 3-104 is invalid and may not be enforced by the State Department of Education or the Board.[4] 

GENTNER DRUMMOND
ATTORNEY GENERAL OF OKLAHOMA

FOOTNOTES
[1] 70 O.S.2021, §§ 3-104.3 and 3-104.4 (requiring the Board to adopt accreditation standards that adhere to identified standards of ensuring children have an opportunity to receive an excellent education, that schooling is accomplished in an efficient manner for the taxpayers and providing for minimum guardrails for the accreditation system); 70 O.S.2021, § 1210.162 (requiring the Board to promulgate rules relating to ensuring the visibility and awareness to how reports of child abuse or neglect may be made); 70 O.S.2021, § 24-157 (requiring the Board to promulgate rules to implement legislative prohibitions on certain concepts being a part of any course); 70 O.S.2021, § 1-125 (for the identified purpose of ensuring privacy and safety of students, requiring the Board to promulgate rules regarding the use of multiple occupancy restrooms); 70 O.S.2021, §§ 9-101--9-119 (identifying standards for school districts to provide transportation to students, including safety inspections and referring to the Board promulgated rules).
[2] A "rule" is defined in the APA as "any agency statement or group of related statements of general applicability and future effect that implements, interprets or prescribes law or policy, or describes the procedure or practice requirements of the agency." 75 O.S.2021, § 250.3(19). Prior to adopting a rule, the agency is required to cause public notice to be published in the Oklahoma Register, such public notice to include the proposed action, the circumstances creating the need for the rule and the specific legal authority, including statutory citations, authorizing the proposed rule. 75 O.S.2021, § 303(B).
[3] Relative to sections 3-104.3 and 3-104.4, setting forth the Legislature's policies and standards governing the Board's setting of accreditation standards for the public schools, these standards were once in section 3-104. Oklahoma Farm Bureau, 1968 OK 98, 444 P.2d 182 (the court and all parties recognizing that the statute granting the Board the power to establish accreditation standards did, at that time, properly set forth standards and guidelines to guide the Board in establishing rules). Id. ¶ 22, 444 P.2d at 187. At that time, the statute contained five fixed standards and extended authority for the Board to consider other factors in determining the accreditation of schools. Id. ¶ 21, 444 P.2d at 187. However, the Legislature subsequently amended the Code and moved the standards and guidelines for accreditation of schools to a separate and distinct section of title 70. Taking the standards and guidelines from section 3-104, the Legislature moved those to what are now sections 3-104.3 and 3-104.4. As a result, it appears unlikely that the general authority in section 3-104(A)(7)--authorizing the Board to promulgate rules governing the supervision and accrediting of schools--would be held to be a proper delegation of authority for accreditation rules. In Western Heights, the Oklahoma Supreme Court looked to sections 3-104.3 and 3-104.4 of title 70, together with section 3-104, to recognize the Board's proper rulemaking authority concerning the accreditation of the state's public schools. Western Heights Indep. Sch. Dist. v. State, 2022 OK 79, ¶¶ 80--81, 518 P.3d at 555--56.
[4] Although this Opinion does not examine or interpret a specific rule, it unquestionably does apply to all purported rulemaking by the State Board of Education under section 3-104(A)(1). Further, questions relating to a specific rule would undergo an analysis similar to that provided herein. For example, questions relating to a specific rule would require an examination of the administrative record, including but not limited to the notice of rulemaking intent and whether the statutory or constitutional authority cited expressly or impliedly grants the rulemaking authority and is consistent with the non-delegation doctrine.

 Citationizer© Summary of Documents Citing This Document
 
 
 
 Cite
 Name
 Level
 
 
 
 None Found.
 
 
 Citationizer: Table of Authority
 
 
 
 Cite
 Name
 Level
 
 
 
 Oklahoma Attorney General's Opinions

 
Cite
Name
Level

 
1979 OK AG 213, 
Question Submitted by: The Honorable Ward Padgett, Chief Mine Inspector
Cited

 
2017 OK AG 11, 
Question Submitted by: Lyle Kelsey, Executive Director, Oklahoma Board of Medical Licensure and Supervision
Cited

 
2020 OK AG 13, 
Question Submitted by: The Honorable Joy Hofmeister, Oklahoma State Superintendent of Public Instruction
Cited

Oklahoma Supreme Court Cases

 
Cite
Name
Level

 
1994 OK 142, 897 P.2d 1116, 65 OBJ 4181, 
Southwestern Bell Telephone Co. v. Oklahoma Corp. Com'n
Discussed

 
1961 OK 9, 359 P.2d 183, 
OLIVER v. OKLAHOMA ALCOHOLIC BEVERAGE CONTROL BD.
Discussed

 
2002 OK 21, 46 P.3d 123, 
IN RE: INITIATIVE PETITION NO. 366, STATE QUESTION NO. 689
Discussed at Length

 
1968 OK 98, 444 P.2d 182, 
OKLAHOMA FARM BUREAU v. STATE BOARD OF EDUCATION
Discussed at Length

 
1995 OK 107, 918 P.2d 26, 66 OBJ 3184, 
City of Oklahoma City v. State ex rel. Oklahoma Dept. of Labor
Discussed at Length

 
1974 OK 88, 524 P.2d 932, 
ADAMS v. PROFESSIONAL PRACTICES COMMISSION
Discussed

 
1996 OK 39, 913 P.2d 1322, 67 OBJ 1043, 
Globe Life & Accident Insur. Co. v. Oklahoma Tax Comm.
Discussed

 
2007 OK 30, 158 P.3d 1058, 
OKLAHOMA EDUCATION ASSOCIATION v. STATE ex rel. OKLAHOMA LEGISLATURE
Discussed

 
2011 OK 102, 290 P.3d 1, 
OKLAHOMA STATE CHIROPRACTIC INDEPENDENT PHYSICIANS ASSOC. v. FALLIN
Discussed

 
1980 OK 147, 618 P.2d 401, 
Marley v. Cannon
Discussed

 
2000 OK 2, 995 P.2d 1124, 71 OBJ 111, 
Tulsa Co. F.O.P., Lodge No. 188 v. Board of County Commissioners of Tulsa Co.
Discussed at Length

 
2022 OK 79, 518 P.3d 531, 
WESTERN HEIGHTS INDEPENDENT SCHOOL DISTRICT v. STATE
Discussed at Length

 
1982 OK 106, 652 P.2d 271, 
Democratic Party of Oklahoma v. Estep
Discussed at Length

 
1984 OK 26, 681 P.2d 763, 55 OBJ 1013, 
State ex rel. York v. Turpen
Discussed

Title 70. Schools

 
Cite
Name
Level

 
70 O.S. 1210.162, 
Schools Must Display Child Abuse or Neglect Reporting Telephone Number
Cited

 
70 O.S. 24-157, 
Prohibition of Mandatory Gender or Sexual Diversity Training or Counseling - Prohibited Course Concepts - Rule
Cited

 
70 O.S. 1-125, 
Restroom or Changing Area Use Based on Sex- Reasonable Accommodation - Disciplinary Policy - Noncompliance - Cause of Action
Cited

 
70 O.S. 1-102, 
Purpose
Cited

 
70 O.S. 3-104, 
State Board of Education - Powers and Duties
Discussed at Length

 
70 O.S. 9-101, 
Provisions for Transportation
Cited

Title 74. State Government

 
Cite
Name
Level

 
74 O.S. 18b, 
Duties of Attorney General - Counsel of Corporation Commission as Representative on Appeal From Commission
Cited

Title 75. Statutes and Reports

 
Cite
Name
Level

 
75 O.S. 303, 
Adoption, Amendment or Repeal of Rule - Procedure
Cited

 
75 O.S. 250.2, 
Powers of Legislature - Reserved Powers
Cited

 
75 O.S. 250.3, 
Definitions
Cited